NO.
07-10-0268-CV

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           SEPTEMBER
9, 2010

                                            ______________________________

 

                                                        FRANK
GROENTEMAN,

 

Appellant

 

                                                                            V.

 

                                                          LISA
GROENTEMAN,

 

Appellee

 

_________________________________

 

                       FROM
THE 367th DISTRICT COURT OF DENTON COUNTY;

 

                  NO.
2010-50554-367; HONORABLE E. LEE GABRIEL, PRESIDING

                                           _______________________________

 

                                                  ORDER
DISMISSING APPEAL

    _______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant has filed a motion to dismiss.  Without passing on the merits of the case, we
grant the motion pursuant to Texas Rule of Appellate Procedure 42.1(a)(1) and dismiss the appeal. 
Having dismissed the appeal at appellant=s
request, no motion for rehearing will be entertained, and our mandate will
issue forthwith.

 

 

Brian
Quinn

       Chief Justice






ppears that counsel
considered the situation and made an affirmative decision to forego testing. He may well
have had a legitimate reason for deciding as he did. Indeed, the decision could have been
made to prevent appellant from having an opportunity to make incriminating statements
or to add fodder to the State's argument that appellant had the mental faculty of an adult. 
Yet, we are left to simply guess about those reasons. And, most importantly, counsel was
not afforded an opportunity to explain them. So, the record does not show on its face that
the decision of counsel was something other than reasonable trial strategy. Tong v. State,
supra; Jackson v. State, supra. 

 Issue Four - Legal and Factual Sufficiency of the Evidence

 Appellant argues in his fourth issue that the evidence is both legally and factually
insufficient to support a finding that he shot the complainant or that he intended to steal her
vehicle. We overrule the point.

 The standards by which we review challenges to the sufficiency of the evidence are
well settled, and we refer the parties to Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979), King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App.
2000), and Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996), for explanations
of the same. 

 Next, the substance of appellant's complaint is that the testimony of the accomplices
and the fingerprint evidence is conflicting. The fingerprint evidence showed appellant's
right palm print on the outside of the driver's window with his right thumb print on the
inside. There was also testimony that it would take 14 pounds of pressure to pull the
trigger on the gun used to commit the offense. Although Marissa testified that appellant
had both hands on the gun when he shot Rosa, she did not state that appellant placed his
hands on the vehicle. Thus, appellant argues that the evidence is legally and factually
insufficient to show that he held onto the window while pulling the trigger. Marissa also
stated that nothing was taken from the car and the car itself was not taken. Therefore,
appellant contends, that evidence does not support a finding that he intended to steal the
vehicle. 

 The indictment charged that appellant "unlawfully, while in the course of committing
and attempting to commit the Robbery of Rosa Martinez, . . . intentionally cause[d] the
death of the Complainant by shooting the Complainant with a deadly weapon, namely a
firearm." There was evidence presented at trial illustrating that appellant and his friends
decided to go "jacking" and they followed Rosa's car to "jack" it. And, according to both
Juan and Marissa, appellant shot the complainant while Miguel was trying to get the vehicle
from Rosa. This evidence, if believed, was and is sufficient to allow a rational trier of fact
to find beyond a reasonable doubt that appellant shot the complainant while attempting to
steal her car, and the proof to support that finding is not so weak as to undermine
confidence in the jury's verdict. Any conflicts between that evidence and other evidence
presented at trial were for the jury to resolve. Moody v. State, 830 S.W.2d 698, 700 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd).

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 

 

 

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. tex. gov.'t code
ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Appellant was represented by three defense counsel at trial. 
3. Upon reading appellant's allegations, we discovered that they were mere conclusions lacking citation
to legal authority. That is, he either failed to explain why the conduct he complained of was deficient (other
than by simply concluding that it was) or he failed to provide us with citation to legal authority holding that like
conduct was deficient. Given this, the allegations were not properly briefed. See Tex. R. App. P. 38.1(h)
(requiring citation to legal authority and argument supporting the contentions made).
4. A motion for new trial was filed, but it was not based on any claims of ineffective assistance.